UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LAWRENCE HERRERA, individually and on behalf of all others similarly situated,** § § § | **DOCKET NO. _____** |
| **Plaintiff,** § § | **JURY TRIAL DEMANDED** |
| vs. § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **BRIGHAM RESOURCES, INC., BRIGHAM RESOURCES MIDSTREAM, LLC, AND BRIGHAM RESOURCES OPERATING, LLC** § § § § | |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Lawrence Herrera ("Herrera") brings this lawsuit to recover unpaid overtime wages and other damages from Brigham Resources, Inc., Brigham Resources Midstream, LLC, and Brigham Resources Operating, LLC ("Brigham"), under the Fair Labor Standards Act ("FLSA").

2. Herrera and the other workers like him regularly worked for Brigham in excess of 40 hours each week. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

3. Instead of paying overtime as required by the FLSA, Brigham improperly classified Herrera and those similarly situated as independent contractors and paid them a daily rate with no overtime compensation.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. Brigham conducts substantial business operations in this District and Division.

## THE PARTIES

8. Herrera worked for Brigham from approximately April 2014 to February 2015.

9. Throughout his employment with Brigham, he was paid a day-rate with no overtime compensation and was classified as an independent contractor.

10. The relationship between Herrera and Brigham rises to the level of an employee-employer relationship.

11. For example, Brigham dictated Herrera's rate of pay.

12. Brigham set Herrera's schedule.

13. Brigham decided Herrera's work locations.

14. Brigham required Herrera to follow its policies and procedures.

15. Brigham prohibited Herrera from working for other employers while working for Brigham.

16. Brigham precluded Herrera from subcontracting out his work at Brigham.

17. Herrera did not provide unique services indicative of a third-party contractor.

18. Herrera is a drilling consultant/company man.

19. His consent to be a party plaintiff is attached as Exhibit A.

20. Herrera brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid pursuant to Brigham's day-rate system. Brigham paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

21. The class of similarly situated workers or potential class members sought to be certified

is defined as follows:

> **ALL CURRENT AND FORMER WORKERS EMPLOYED BY, OR WORKING ON BEHALF OF, BRIGHAM RESOURCES DURING THE PAST 3 YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE.**

22.   **Brigham Resources, Inc.**, **Brigham Resources Operating, LLC, and Brigham Resources Midstream, LLC** are headquartered in Austin, Texas and conduct substantial business activities in the Southern District of Texas and throughout Texas. Brigham may be served by serving its registered agent for service of process, **JL Silva, at 5914 Courtyard Drive, Suite 200B, Austin, Texas 78730.**

### COVERAGE UNDER THE FLSA

23.   At all times hereinafter mentioned, Brigham has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.   At all times hereinafter mentioned, Brigham has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25.   At all times hereinafter mentioned, Brigham has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26.   At all times hereinafter mentioned, Herrera and the similarly situated workers were engaged in commerce or in the production of goods for commerce.

27.   As will be shown through this litigation, Brigham treated Herrera (and indeed all of its workers that it classified as independent contractors and paid a nonnegotiable day rate to without

overtime compensation) as employees.

28. Brigham's misclassification of Herrera and the workers as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

### FACTUAL COLLECTIVE ACTION ALLEGATIONS

29. Brigham is an oil and gas company operating throughout the United States, including in Texas. In order to provide services to many of its customers, Brigham contracts with certain companies to provide it with employees to perform the necessary work.

30. Many of these individuals worked for Brigham on a day-rate basis without overtime and were classified as independent contractors.

31. Herrera and the putative class members worked for Brigham under this pay scheme.

32. Herrera and the putative class members worked for Brigham as drilling consultants, drilling supervisors and/or company men.

33. Herrera and the putative class members received a day rate.

34. Herrera and the putative class members did not receive overtime pay.

35. Herrera and the putative class members are subjected to the same or similar pay practices for similar work.

36. Herrera and the putative class members worked overtime for Brigham.

37. Herrera and the putative class members often worked at least 12 hours a day, often 7 days a week.

38. Without the job performed by Herrera and the putative class members, Brigham would not be able to complete its business objectives.

39. Herrera and the putative class members rely on Brigham for work and compensation.

40. Herrera and the putative class members work in accordance with the schedule set by Brigham.

41. Herrera and the putative class members are not permitted by Brigham to subcontract out the work they are assigned to do by Brigham.

42. Herrera and the putative class members must follow Brigham's policies and procedures.

43. Herrera and the putative class members' work must adhere to the quality standards put in place by Brigham.

44. Herrera and the putative class members did not substantially invest in the tools required to complete the overall job to which they were assigned.

45. Herrera and the putative class members did not possess any specialized or unique skill set.

46. Herrera and the putative class members were blue collar workers.

47. Herrera and the putative class members did not market their services, while employed by Brigham.

48. Herrera and the putative class members worked exclusively for Brigham.

49. Herrera and the putative class members did not incur operating expenses like rent, payroll, marketing, and insurance.

50. Brigham set Herrera and the putative class members' rates of pay, work schedule, and prohibited them from working other jobs for other companies while working on jobs for Brigham.

51. Brigham required Herrera and the putative class members to work substantial overtime without overtime compensation.

52. Brigham classified Herrera and the putative class members as exempt from the overtime requirements, as independent contractors.

## FLSA VIOLATIONS

53. As set forth herein, Brigham has violated, and is violating, Section 7 of the FLSA, 29

U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

54. Brigham knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative class members overtime compensation. Brigham's failure to pay overtime compensation to these workers was neither reasonable, nor was the decision not to pay overtime made in good faith.

55. Accordingly, Herrera and the putative class members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### JURY DEMAND

56. Herrera demands a trial by jury.

### RELIEF SOUGHT

57. WHEREFORE, Herrera prays for judgment against Brigham as follows:

   a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Brigham liable for unpaid back wages due to Herrera and the putative class members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order appointing Herrera and his counsel as Class Counsel to represent the interests of the FLSA class;

d.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    Federal ID No. 27157
    **Richard M. Schreiber**
    State Bar No. 24056278
    Federal ID. 705430
    **Andrew W. Dunlap**
    State Bar No. 24078444
    Federal ID No. 1093163
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    rschreiber@mybackwages.com
    adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. Id. 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**