# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAWRENCE HERRERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-309 |
| | § | |
| BRIGHAM RESOURCES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of the Agreed Motion for Confidential Approval of Settlement Agreement. Dkt. No. 28. Under the terms of the proposed settlement agreement, Defendants would pay a total sum of $150,000, in which $60,000 would cover attorney's fees and $6,000 would cover costs. *See* Dkt. No. 28-1. Notably, the parties assert that Plaintiff's counsel is entitled to 40% of the gross settlement amount pursuant to the contingency fee agreement between Plaintiff and his attorneys. Dkt. No. 28 at 4–5.

After review, the Court **ORDERS** the parties to submit the following:

- Briefing as to when William Wallace was added as a plaintiff,[1] or alternatively a Consent to Join Action for William Wallace pursuant to 29 U.S.C. § 216(b).[2]

- Briefing that provides a clear breakdown of the settlement award for each Plaintiff.[3]

---

[1] After a review of the docket and the filings, William Wallace made his first and only appearance in the Agreed Motion for Confidential Approval of Settlement Agreement. *See* Dkt. No. 28.

[2] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); *see Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915–16 (5th Cir. 2008) ("Thus, the FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing.").

[3] An acceptable breakdown would be as follows:
- X for Lawrence Herrera—Y of which is back wages; Z of which is liquidated damages; ZZ of which is an enhancement
- A for William Wallace—B of which is back wages; C of which is liquidated damages

- A separate motion for attorney's fees and costs, with supporting evidence such as billing records, demonstrating the reasonableness of the fees and costs.[4]

These filings must be submitted by **March 13, 2020**.

SIGNED this 24th day of February, 2020.

Hilda Tagle
Senior United States District Judge

---

[4] The determination of the reasonable fee is to be conducted regardless of any contract between plaintiff and plaintiff's counsel. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). The FLSA intends to protect workers, and a court's review of the attorney's fee ensures that no conflict of interest compromises the employee's recovery. *See In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008). Federal courts have a "well-recognized power" to reform contingent fee contracts. *Karim v. Finch Shipping Co.*, 374 F.3d 302, 309 (5th Cir. 2004). Setting attorney's fees solely pursuant to an underlying agreement would defeat the plain language of the FLSA and its purposes. Without a court's review of attorney's fees and costs, counsel would be immune from judicial scrutiny and given carte blanche to recover as large a fee award as they can negotiate from their clients' employers. Such awards would be inconsistent with Supreme Court precedent and other courts' review of attorney's fees; disregard the clear language of the FLSA; and frustrate the statute's underlying policy. In reversing the Fifth Circuit's enforcement of a contingency fee agreement in a civil rights case, the Supreme Court stated that a "reasonable attorney's fee" should account "for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Blanchard*, 489 U.S. at 93. "The policy behind judicial determination of a 'reasonable attorney's fee' award is applicable in all FLSA cases, regardless of whether a plaintiff recovers the full amount to which she is entitled." *Silva v. Miller*, 547 F. Supp. 2d 1299, 1306 (S.D. Fla. 2008), aff'd, 307 F. App'x 349 (11th Cir. 2009). Further, in 1947, Judges Learned Hand and Augustus Hand opined that contingent fee contracts in FLSA litigation could be improper. *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement . . . .").

District courts have modified contingency agreements after determining reasonable attorney's fees under 29 U.S.C. § 216(b). *See, e.g., Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-CV-282 RP, 2016 WL 815355, at *4-5 (W.D. Tex. Feb. 29, 2016) (reviewing and modifying 40% contingent fee); *Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-CV-00603-RP, 2015 WL 12866212, at *5 (W.D. Tex. Dec. 23, 2015). Courts thus have an obligation to review attorney's fees and costs in FLSA cases, and such review may modify the contingency fee agreement. Further, counsel may not recover from plaintiffs the "remaining" fees and costs after modification of such agreement.